ANNE M. FRYXELL, Respondent, v. RELIANCE BUILDING SUPPLY CORP., Appellant, and F. C. RUSSELL COMPANY, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Breitel, Bastow and Botein, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN D. COOKE and FREDERICK SCHNEPF, Appellants.— Judgments unanimously affirmed. No opinion. Present — Peck, P. J., Cohn, Breitel, Bastow and Botein, JJ.

CARL S. BRESNICK et al., as Stockholders and/or Voting Trust Certificate Holders of 2061 Leasehold Corporation, Suing on Behalf of Themselves and All Others Similarly Situated, Appellants, v. HARVEY T. MANN et al., Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Breitel, Bastow and Botein, JJ.

4.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY SMITH, Appellant.— Judgment unanimously affirmed. No opinion. Present — Peck, P. J., Cohn, Breitel, Bastow and Botein, JJ.

In the Matter of the Arbitration between KSIL FRENKEL, Appellant, and JACOB SCHICKMAN et al., Respondents.— The decision of a majority of three rabbinical arbitrators was reached after taking of much testimony. The determination, we think, was full and complete. By statute, an award of arbitrators may be vacated where it is procured by fraud or other undue means (Civ. Prac. Act, § 1462). As to whether alleged threats and alleged violent behavior of petitioner in the course of the deliberations made a fair hearing impossible, and as to whether the arbitrators were intimidated by the conduct of petitioner cannot be decided upon the affidavits submitted, particularly in view of the absence of any proof from the arbitrators themselves. The order is modified by directing a reference of these issues to the Hon. ISIDOR WASSERVOGEL, Special Referee, who is to hear and report to the Special Term, with all convenient speed, upon the question as to whether the award was procured by undue means, or by misconduct on the part of petitioner or on the part of any of the arbitrators. Upon rendition of that report, the question as to whether the award should be vacated or confirmed may be determined. Settle order. Present — Peck, P. J., Cohn, Breitel, Bastow and Botein, JJ.

JEANNE CORSAN et al., Infants, by LEA CORSAN, Their Guardian ad Litem, et al., Appellants, and ASCOT-U-DRIVE, INC., Respondent, v. ASCOT-U-DRIVE, INC., Respondent, and GEORGE CORSAN, Appellant. (Consolidated Actions.) — Order unanimously affirmed, with $20 costs and disbursements to respondent. The verdict was properly set aside and a new trial ordered upon the grounds indicated by the trial court. The verdict could have been set aside likewise upon the ground that it is contrary to the weight of evidence. Present — Peck, P. J., Cohn, Breitel, Bastow and Botein, JJ.